R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Wild*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER WILD,<br><br>      Plaintiff,<br><br>v.<br><br>GANNETT  CO., INC.,<br><br>      Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff Alexander Wild ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli P.C., for his complaint against the defendant Gannett Co., Inc. ("Defendant"), alleges as follows alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.*  Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff is an individual doing business as a professional photographer with an address at 5003 West Frances Place, Austin, Texas, 78731.

3.     Upon information and belief, Defendant is a corporation duly organized and existing under the laws of Delaware, with offices at 1633 Broadway, 25th Floor, New York, New York 10019.

## JURISDICTION AND VENUE

4.     This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.,* 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

5.     Personal jurisdiction over Defendant is proper because Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and in this judicial district.

6.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7.     Plaintiff is a Texas-based biologist who started photographing insects in 2002 as an aesthetic complement to his scientific work on ant taxonomy and evolution.  Plaintiff holds a Ph.D. in Entomology from the University of California at Davis and is Curator of Entomology at the University of Texas at Austin.  His photographs appear in numerous natural history museums, magazines, books, television programs, and other media and has been widely published, including *BBC Wildlife, New York Times, Washington Post, National Geographic, USA Today, Chicago Field Museum, Popular Science*, and many others.

8.     Plaintiff's intellectual property is very important to his livelihood.

9.     Among the many striking photographs taken by the Plaintiff, Plaintiff is the

original author of a photographic image at issue in this litigation, a copy of which is attached hereto as Exhibit A ("Copyrighted Work").

10.     As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work and has obtained a registration with the United States Copyright Office for the Copyright Work, a copy of which is attached hereto as Exhibit B.

11.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B.     Defendant's Unlawful Activities**

12.     Upon information and belief, Defendant is a sophisticated media company that owns a number of websites, where high quality photographic images belonging to others, such as the Copyrighted Work belonging to Plaintiff, are used by Defendant to draw internet users to visit and remain at Defendant's websites, thus profiting from Plaintiff as viewership grows, as advertising revenue grows, and as the monetary value of the websites grows.

13.     Plaintiff has discovered that Defendant has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

14.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites owned and/or operated by Defendant, screenshots of which are attached hereto as Exhibit C (the "Infringing Websites").

15.     Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

16.     Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

17.     Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's

3

rights.

18.     Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

19.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

20.     The Copyrighted Work are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

21.     Upon information and belief, as a result of Plaintiff's public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to using it at the Infringing Websites.

22.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

23.     Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

24.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

25.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff

shall be entitled to recover damages based on a disgorgement of the profits from

infringement of the Copyrighted Work, which amounts will be proven at trial.

26.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect

to the infringing reproduction, distribution, and public display of the Copyrighted Work, or

such other amounts as may be proper under 17 U.S.C. § 504(c).

27.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant

to 17 U.S.C. § 505.

28.     Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has

no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the

Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant resulting from its reproduction,

distribution or display of the Copyrighted Work, or any portion or derivation of the Copyrighted

Work;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived

by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so

elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c),

including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  February 12, 2021

                                      Respectfully submitted,


                                        By: */s/R. Terry Parker*
                                        R. Terry Parker
                                        RATH, YOUNG AND PIGNATELLI P.C.
                                        120 Water Street, 2nd Floor
                                        Boston, MA 02109
                                        Tel.: (603) 410-4338
                                        Email: rtp@rathlaw.com

                                        *Attorneys for Plaintiff*
                                        *Alexander Wild*